IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>      *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1400 Defense Pentagon<br>Washington, DC 20301-1400,<br><br>      *Defendant*. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Defense ("Defendant") is an agency of the United States government headquartered at 1400 Defense Pentagon, Washington, DC 20301-1400. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On December 13, 2024, Plaintiff sent a FOIA request by e-mail (USARMY.WESTPOINT.ID-TRAINING.MBX.FOIA-PA@MAIL.MIL) to the United States Military Academy at West Point, a component of Defendant.  This was done in accordance with the directions on the West Point website.  Plaintiff is seeking access to the following public records:

> 1. All documents which form the basis upon which the decision was made to remove the West Point Crest from the cover of the Bibles in the West Point Chapel. Upon information and belief, the West Point Crest has appeared on the cover of the Bibles in the West Point Chapel since 1984, but circa December 2024, the Crest has been removed from the Bibles.
>
> 2. All emails sent to and from COL Matthew Pawlikowski regarding the crest's appearance on the cover of the Bibles used in the West Point Chapel.
>
> The time frame for the above requested records is January 2022 to the present.

6.      As of the date of this Complaint, Defendant has (i) failed to acknowledge Plaintiff's request; (ii) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (iii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iv) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

7. Plaintiff realleges paragraphs 1 through 6 as if fully stated herein.

8. Defendant is in violation of FOIA.

9. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

10. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by January 14, 2025 at the latest. Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 12, 2025                                    Respectfully submitted,

                                                  */s/ Patrick O. Francescon*
                                                  PATRICK O. FRANCESCON
                                                  DC Bar No. 1781161
                                                  JUDICIAL WATCH, INC.
                                                  425 Third Street SW, Suite 800
                                                  Washington, DC 20024
                                                  Tel:   (202) 646-5172

- 4 -

Email: pfrancescon@judicialwatch.org

*Counsel for Plaintiff*